# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| **GREAT LAKES INSURANCE S.E. AND HDI GLOBAL SPECIALTY S.E.,**<br><br>        **Plaintiffs,**<br><br>    v.<br><br>**SUNSHINE SHOPPING CENTER, INC., d/b/a SUNSHINE MALL,**<br><br>        **Defendant.**<br>_____ | 1:19-cv-00039 |

TO:    Charlotte K. Perrell, Esq.
         Chad C. Messier, Esq.
         Daniel G. Sanders, Esq.
         Nathan J. Mirocha, Esq.
         Neal R. Novak, Esq.

## ORDER

THIS MATTER is before the Court upon Plaintiffs'[1] Motion to Strike Amended Counterclaim/Crossclaim (ECF No. 56) (Mot. to Strike) and Sunshine Shopping Center's Motion for Leave to Amend (ECF No. 61) (Mot. to Amend).[2] Defendant[3] filed a Response in Opposition to Plaintiffs' Motion to Strike Amended Counterclaim/Crossclaim (ECF No. 68), and Plaintiffs filed a reply thereto (ECF No. 75). Certain Underwriters at Lloyd's, London

---

[1] Great Lakes Insurance S.E. and HDI Global Specialty S.E. are both Plaintiffs and Counter-Defendants in this matter. For convenience purposes, they will be referred to as simply Plaintiffs in this order.

[2] The Court notes that the motion is signed and was filed by *pro hac vice* counsel Stuart Sobel, Esq. However, such motion is not in compliance with LRCi 83.1(b)(2), which requires the signature of local counsel. The Court also notes that Attorney Sobel has not entered a notice of appearance into the record as directed in the Order Granting Motion for Pro Hac Vice Admission (ECF No. 24), entered October 24, 2019.

[3] Sunshine Shopping Center, Inc., d/b/a/ Sunshine Mall is both Defendant and Counter-Plaintiff in this matter. For convenience purposes it will be referred to as Defendant or Sunshine in this order.

Subscribing to Policies B1230GP00647B17 and B1230GP00647C17(Underwriters) filed Underwriters' Opposition to Sunshine Mall's Motion for Leave to Amend (ECF No. 70), and Great Lakes Insurance S.E. and HDI Global Specialty S.E. filed Plaintiffs' Opposition to Defendant's Motion for Leave to Amend (ECF No. 72). Defendant filed Sunshine Mall's Reply to Underwriters' Opposition to Sunshine Mall's Motion for Leave to Amend (ECF No. 74) and Sunshine Mall's Reply to Plaintiffs' Opposition to Sunshine Mall's Motion for Leave to Amend (ECF No. 76). Both motions are fully briefed and ripe for adjudication.

I.  **Relevant procedural history**

Plaintiffs filed their Complaint against Defendant on August 16, 2019. ECF No. 1. Sunshine filed its Answer and Affirmative Defenses to Complaint and Counterclaims[4] on September 16, 2019. ECF No. 11.[5] The Court held an Initial Scheduling Conference with the parties on November 19, 2019, and thereafter issued the Scheduling Order (ECF No. 35), setting certain deadlines in this matter. Pertinent to the issues raised by the two motions currently before the Court are the deadlines for motions to amend pleadings and joinder of parties. Both deadlines, as contained in the Scheduling Order, were set for December 2, 2019. ECF No. 35 at 2. On January 21, 2019, Sunshine filed a document titled "Amended

---

[4] Defendant asserts counterclaims against third-party Certain Underwriters of Lloyd's, London, as a counter-defendant, as well, in this original answer.

[5] Sunshine's answer initially was filed on September 12, 2019. *See* ECF No. 10. However, the document was incorrectly filed, and, pursuant to the Clerk of Court's instruction, Sunshine re-filed it correctly on September 16, 2019.

Counterclaim/Crossclaim." ECF No. 47. Subsequently, on February 4, 2020, Plaintiffs filed their motion to strike. A week following, Sunshine filed its motion to amend.

## II. Motion to strike

Plaintiffs assert that Sunshine's Amended Counterclaim/Crossclaim should be stricken because it violates the Scheduling Order, the allegations against Plaintiffs are redundant, and the joinder of parties was improper.[6] Mot. to Strike (ECF No. 56) at 4-8.

---

[6] Plaintiffs contend that Sunshine's joinder of Underwriters is ineffective because Sunshine failed to move to join third parties and the deadline for joinder of parties has passed. Mot. to Strike at 8-9. The Court finds that Sunshine properly and timely joined Underwriters when it asserted claims against Plaintiffs and Underwriters in its original Answer and Affirmative Defenses to Complaint and Counterclaims (ECF No. 11).

> The Federal Rules of Civil Procedure provide two rules for the joinder of non-parties by a party defendant. Rule 14(a) governs the impleader of non-parties as third-party defendants; and Rule 13(h) authorizes the joinder of additional persons to a counterclaim or crossclaim. *Kirkcaldy v. Richmond Cty. Bd. of Educ.*, 212 F.R.D. 289, 298 (M.D.N.C. 2002), *cited with approval in Stonecrest Partners, LLC v. Bank of Hampton Roads*, No. 7:10-CV-63-FL, 2011 WL 3664412, at *3 (E.D.N.C. Aug. 18, 2011). "Rule 14 deals exclusively with the addition of third parties who may be liable to the third-party plaintiff for part or all of the damages claimed by the original plaintiff." 6 Wright & Miller, *Fed. Prac. & Proc.* § 1434 (3d ed. 2010). Under Rule 14, a party may assert "a totally new claim that may not be directly related to the original plaintiff's claim." *Id*. Rule 13(h) authorizes joinder of additional parties only for the purpose of adjudicating a claim "that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought." *Stonecrest*, 2011 WL 3664412, at *3 (quoting 6 Wright & Miller, *Fed. Prac. & Proc.* § 1435). Where, as here, a defendant asserts a claim against both the plaintiff and a non-party in its answer, joinder is permitted pursuant to Rule 13(h), and leave to join the additional party is unnecessary. *Id*.

*Redox Tech, LLC v. Earthworks Sol,. LLC*, No. 5:17-CV-447-KS, 2018 WL 1733984, at *5 (E.D.N.C. Apr. 10, 2018).

Further, the Court finds that Underwriters are correctly called counterclaim defendants or counterdefendants. *See, e.g., Lindsey v. Udeozo*, Docket No. 1:15-dv-01117-JDB-egb, 2015 WL 7681253, at *2 (W.D. Tenn. Nov. 24, 2015) ("Rule 13 makes clear that a [c]rossclaim by definition is directed against a co-party, e.g. a co-defendant, distinguishing it from a [c]ounterclaim which is directed against an opposing party. Indeed, a counterclaim is any suit by a defendant against the plaintiff including any claims properly joined with the claims against the plaintiff. A counterdefendant need not also be a plaintiff." (quoting *Wells Fargo Bank v. Gilleland,* 621 F. Supp. 2d 545, 547-48 (N.D. Ohio 2009)).

Sunshine argues that its Amended Counterclaim/Crossclaim (filed on January 21, 2020) does not violate the Scheduling Order because it "effectively join[ed] Lloyd's on November 20, 2019. Dkt. #38." Resp. to Mot. to Strike (ECF No. 68) at 3, para. numbered 15.[7] Although not stated directly or coherently, given the reference to the summons and Sunshine's argument that Federal Rule of Civil Procedure Rule 15(a)(1)(A) allowing amendment as a matter of course within 21 days of service "governs in this case," Resp. to Mot. to Strike (ECF No. 68) at 3, para. numbered 16, the Court surmises that Sunshine believes it was not required to seek leave of Court before filing the amended document because the amended document was filed 21 days after service of its original answer and counterclaims.

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part:

> **(a) Amendments Before Trial.**
> **(1) *Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> **(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

---

[7] The document docketed at ECF No. 38 is a summons issued to Certain Underwriters at Lloyd's London. Sunshine filed a return of summons on February 4, 2020, showing service upon Lloyd's on January 3, 2020. *See* ECF No. 58.

Fed. R. Civ. P. 15(a)(1-2).  The Scheduling Order specifically sets the deadline for amendment of pleadings as December 2, 2019.  *See* Scheduling Order (ECF No. 35) at 2.  According to Rule 16 of the Federal Rules of Civil Procedure, "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

While the caselaw is sparse regarding whether a Rule 16 Scheduling Order overrides Rule 15 with regard to amendment "as a matter of course," courts generally agree that the "freely given" standard of Rule 15(a)(2) gives way to the "good cause" standard of Rule 16(b).  *See, e.g., Symetra Life Ins. Co. v. JJK 2016 Ins. Trust*, Civil Action No. 18-12350 (MAS) (ZNQ), 2020 WL 833062, at *3 (D.N.J. Feb. 18, 2020) (Slip Copy); *Genentech, Inc. v. Amgen, Inc.*, Civ. No. 17-1407-CFC, Consol., 2020 WL 708113, at *1 (D. Del. Feb. 12, 2020) (Slip Copy) ("As a general matter, Rule 15(a) governs the amendment of pleadings before trial.  But when, as here, a party seeks to amend a pleading after the scheduling order's deadline for pleading amendments has passed, the court will apply Rule 16(b) as opposed to Rule 15(a)" (citing *Eastern Minerals & Chems. Co. v. Mahan,* 225 F.3d 330, 340 (3d Cir. 2000)); *Good v. SWN Production Co., LLC*, No. 4:18-CV-01868, 2020 WL 488901, at *1 (M.D. Pa. Jan. 30, 2020) (Slip Copy).  The rule exists because, as succinctly stated by the United States Court of Appeals for the Eleventh Circuit, if courts "considered only Rule 15(a) without regard to Rule 16(b), [they] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure."  *Sosa v. Airprint Sys., Inc*, 133 F.3d 1417, 1419 (11th

Cir. 1998), *quoted in Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007).

Applying similar reasoning, the handful of courts that have considered the issue of whether a Rule 16 Scheduling Order qualifies or restricts the Rule 15(a)(1) right to amend "as a matter of course" cite to "Rule 16's objective of providing a fixed time for amendment . . . ." *Long Beach Mem'l Med. Ctr. v. Blue Cross and Blue Shield of South Carolina*, Case No. CV 17-8181-GW(KSx), 2018 WL 5099494, at *4 (C.D. Cal. March 1, 2018) (Slip Copy) (citing *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243 (2d Cir. 2007)). As the *Long Beach* court notes:

> "Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15."

*Long Beach Mem'l Med. Ctr.*, 2018 WL 5099494, at *4 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)).[8] Ultimately, the *Long Beach* court held

---

[8] Additionally, the *Long Beach* court observes: "[T]he Ninth Circuit made no distinction between the amendment as a matter of course and amendment by the court's freely given leave, analyzing the issue by reference to Rule 15(a), which governs both types of amendment." *Long Beach Mem'l Med. Ctr.*, 2018 WL 5099494, at *4 (citation omitted). Likewise, the District Court for the Western District of Pennsylvania states:

> [T]here is no distinction in Rule 16(b)(3)(A) [which states that the district court's initial scheduling order must limit the time to join other parties and amend the pleadings] between amendments that are made as a matter of course versus amendments that are made with leave of court; rather the trial court is directed simply to set a deadline for amendment generally and for joinder of parties. This "assures that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings amended." Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 amendment . . . . Viewed in this context, the [scheduling order's] deadline is properly construed as establishing a general cutoff date for any type of amendment to the pleadings, whether the

that "the Court's Scheduling Order extinguished [Plaintiff's] right to amend as a matter of course pursuant to Rule 15(a)(1)(B)." *Long Beach Mem'l Med. Ctr.*, 2018 WL 5099494, at *4.

The Second Circuit relied upon the same considerations when it ruled that "amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). In support of its decision, the *Kassner* court explains:

> [R]ule 16(b) expressly provides that a scheduling order is to limit the time for amendment of the pleadings and, in so doing, "is designed to offer a measure of certainty in pretrial proceedings" . . . . Although the Rule 16(b) scheduling order, in the district court's discretion, may impose various time limits for pre-trial proceedings (including time limits on "any other matters appropriate in the circumstances of the case"), amendment of the pleadings is one of four time limits that the trial court generally must include in a Rule 16(b) scheduling order. Fed. R. Civ. P. 16(b). The advisory committee notes provide that "[i]tem (1) assures that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings amended." Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 Amendment (discussing subsection (b)). This objective would be frustrated by an interpretation of the first sentence of Rule 15(a) that precludes a district court from exercising any discretion to specify the time period during which a party may effect the first amendment of its complaint prior to the serving of a responsive pleading. Rule 16(b) . . . .

---

amendment is sought "as a matter of course" pursuant to Rule 15(a)(1) or by way of a motion under Rule 15(a)(2).

*Hawkins v. West Penn Allegheny Health Sys.*, Civil Action No. 13-1334, 2014 WL 5803112, at *2 (W.D. Pa. Nov. 7, 2014). *See also Sosa v. Airprint Systems, Inc*, 133 F.3d 1417, 1419 (11th Cir. 1998) (where the court makes no distinction between amendment pursuant to Rule 15(a)(1) or Rule 15(a)(2)).

*Id.* at 243.

The Court finds the foregoing analysis and reasoning persuasive and will apply it to the matter at bar. Thus, the Court finds that the Scheduling Order nullifies Sunshine's right to amend as a matter of course pursuant to Rule 15(a)(1)(B). Therefore, Sunshine was required to obtain leave of Court before filing its Amended Counterclaim/Crossclaim. Because "'[a]n amended pleading filed *without* leave of court generally has no legal effect,'" *Long Beach Mem'l Med. Ctr.*, 2018 WL 5099494, at *4 (citations omitted) (emphasis in original), the Court will grant Plaintiff's motion to strike.

### III. Motion to amend

By its Motion for Leave to Amend (ECF No. 61), Sunshine seeks leave to amend its Amended Counterclaim/Crossclaim (ECF No. 47), which it filed on January 21, 2020, without leave of Court. Based upon the Court's decision to strike the Amended Counterclaim/Crossclaim because it was untimely and improperly filed, the Court will treat the motion as seeking leave to amend Sunshine's original Answer and Affirmative Defenses to Complaint and Counterclaims (ECF No. 11). Third-party Underwriters, whom the Court finds that Defendant properly joined in its original answer, *see* footnote 6, hereinabove, opposes primarily on the grounds that Sunshine has not exhibited diligence in serving Underwriters and that the proposed pleading fails to name/identify Underwriters properly. Underwriters' Opp'n to Mot. to Amend (ECF No. 70) at 1. Plaintiffs oppose the motion on the basis that the motion is untimely and that good cause does not exist to allow the

amendment out of time. Plaintiffs' Opp'n to Mot. to Amend (ECF No. 72) at 1. Sunshine relies upon the general rule that courts "should freely give" parties leave to amend their pleadings. Rep. to Underwriter's Opp'n (ECF No. 74) at 2. Sunshine also claims that "good cause" exists to grant its motion. Rep. to Plaintiff's Opp'n (ECF No. 76) at 2-3.

While it is true that a "court should freely give leave" to amend, Fed. R. Civ. P. 15(a)(2), it is also true, as stated hereinabove, that when a court-ordered deadline for filing amended pleadings has passed, the party seeking leave to amend must first satisfy the Rule 16(b)(4) "good cause" standard for modifying the scheduling order. *See, e.g., Symetra Life Ins. Co. v. JJK 2016 Ins. Trust*, Civil Action No. 18012350 (MAS) (ZNQ), 2020 WL 833062, at *3 (D.N.J. Feb. 18, 2020) (Slip Copy); *Genentech, Inc. v. Amgen, Inc.*, Civ. No. 17-1407-CFC, Consol., 2020 WL 708113, at *1 (D. Del. Feb. 12, 2020) (Slip Copy); *Good v. SWN Production Co., LLC*, No. 4:18-CV-01868, 2020 WL 488901, at *1 (M.D. Pa. Jan. 30, 2020) (Slip Copy).

"'Good cause,'" as explained by the *Symetra* court,

> "[d]epends on the diligence of the moving party." *Capital Health Sys., Inc.*, 2019 WL 6324006, at *5. "A court must determine whether the movant possessed, or through diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline's expiration." *Id*.

*Symetra*, 2020 WL 833062 at *3. The United States District Court for the Middle District of Pennsylvania states that the "inquiry 'focuses on the moving party's burden to show due diligence.'" *Good v. SWN Prod. Co., LLC*, No. 4:18-CV-01868, 2020 WL 488901, at *1 (M.D. Pa. Jan. 30, 2020) (quoting *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)). The court continues, "Good cause may be found when the moving party

'could not have reasonably met the deadlines set forth in the scheduling order.'" *Id*. (quoting *Lee v. Park*, Civil Action No. 12-7437(ES), 2015 WL 1523066, at *2 (D.N.J. Apr. 2, 2015)).[9]

In the matter at bar, as recounted hereinabove, the Court entered a Scheduling Order (ECF No. 35) on November 19, 2019. The deadline for amending pleadings and joining parties was December 2, 2019. Scheduling Order (ECF No. 35) at 2. Sunshine filed an amended pleading on January 21, 2020, without complying with Fed. R. Civ. P. 15(a)(2), and filed the motion for leave to amend its amended pleading on February 11, 2020, over two months after the deadline had expired.

---

[9] Some courts in the Third Circuit have grafted the application of the Federal Rules of Civil Procedure Rule 55(c) "good cause" provision onto the "good cause" requirement of Rule 16. *See, e.g., Venuto v. Atlantis Motor Group, LLC*, Civil No. 17-3363 (RBK/KMW), 2020 WL 998945, at *4 (D.N.J. Mar. 2, 2020) (quoting *In re Merck & Co., Inc., Vytorin/Zetia Sec. Litig.*, Civ. No. 08-2177, 2012 WL 406905, at *4 (D.N.J. Feb. 7, 2012) in turn quoting *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006) in turn quoting *Newton v. Dana Corp. Parish Division*, No. CIV.A. 94-4958, 1995 WL 368172, at *1 (E.D. Pa. Jun. 21, 1995) in turn quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985) in turn citing *Carignan v. United States*, 48 F.R.D. 323, 325 (D. Mass. 1969)). All of the cases in this chain were considering what constituted "good cause" under Rule 16, except for the case that began it all, namely, *Carignan*, in which the court considered "good cause" in the context of a Rule 55(c) motion to set aside entry of default. The courts adopting the language found in *Carignan* expanded the meaning of "good cause" under Rule 16 to include mistake and excusable neglect that the C*arignan* court applied in its Rule 55 analysis. *See, e.g., Gestetner*, 108 F.R.D. at 141. It appears that the Pennsylvania and New Jersey courts simply adopted the "good cause" language without examining the difference between the standards employed by the two different rules. Because the Court finds that mistake or inadvertence or excusable neglect are not subsumed within the meaning of *diligence*, the Court declines to apply a Rule 55(c) analysis to the matter at bar. *Accord Martinez v. Southwest Cheese Co., LLC*, CV 12-0660 RB/WPL, 2013 WL 12190705, at *3-*4 (D.N.M. Mar. 4, 2013) (where the court notes that movant cites "caselaw relevant to Rule 55 rather than Rule[] 16 . . . ." then declares, "[T]he Tenth Circuit has held that a showing of good cause requires something more than a showing of excusable neglect . . . . Because Martinez's untimely submission demonstrates carelessness rather than diligence, I do not find good cause for an extension") (citations omitted)). *See also United States v. Young*, 767 F. App'x 766, 770-71 (11th Cir. 2019) (where the court describes the interpretations of "good cause" as it relates to several different rules) and *Sosa*, 133 F.3d at 1418 n.2 (where the court declines to apply the "excusable neglect" standard found in Federal Rules of Civil Procedure Rule 6(b)).

In support of its motion, Sunshine claims that it "diligently attempted to serve process on Lloyd's, and diligently responded to each defense raised by Lloyd's by which it alleges that the wrong entity was sued." Mot. to Amend at 3. The record shows that Sunshine filed its original Answer and Affirmative Defenses to Complaint and Counterclaims on September 16, 2019. ECF No. 11. A summons wasn't issued to Underwriters until November 20, 2019. ECF No. 38. The issuance of the summons also was subsequent to the Initial Scheduling Conference, where the deadline for amendments to pleadings and joinder of parties was discussed and set. Shortly after receipt of the summons on January 3, 2019 (*see* ECF No. 58), Underwriters filed a motion to dismiss. ECF No. 43 (docketed on January 8, 2020). Sunshine responded by improperly filing its Amended Counterclaim/Crossclaim (ECF No. 47) on January 21, 2020. Only after Underwriters filed an amended motion to dismiss (ECF No. 50, docketed on January 28, 2020) and Plaintiffs filed their motion to strike (ECF No. 56, docketed on February 4, 2020) did Sunshine finally seek leave to amend by filing the motion currently under consideration on February 11, 2020.

Nowhere in its motion or replies does Sunshine explain the two-month delay between the filing of its answer on September 16, 2019, and the issuance of a summons to Underwriters on November 20, 2019. Nor does Sunshine describe how the correct identity of the third parties could not have been determined before receiving Underwriters' motion to dismiss or before the Initial Scheduling Conference where the time for filing

amendments to pleadings was set. The Court agrees with Underwriters that the "chronology itself evidences a lack of diligence on [Sunshine]'s part." Underwriters' Opp'n to Mot. to Amend at 2.

As stated previously, the Court finds that a party must show more than mere mistake or inadvertence or excusable neglect to demonstrate diligence when attempting to amend a scheduling order pursuant to Rule 16(b)(4). *See* footnote 9, hereinabove. The delays and inability to identify Underwriters correctly appear to be more carelessness than diligence. Due to Sunshine's failure to exercise diligence, the Court finds that Sunshine has failed to establish good cause to amend the Scheduling Order. *Martinez v. Southwest Cheese Co., LLC*, CV 12-0660 RB/WPL, 2013 WL 12190705, at *4 (D.N.M. Mar. 4, 2013) ("Because Martinez's untimely submission demonstrates carelessness rather than diligence, I do not find good cause for an extension") (citing *Dilmar Oil Co., Inc. v. Fed. Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)); *see also Johnson*, 975 F.2d at 609 ("Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief" (citations omitted)).

Based upon the foregoing, the Court finds that Sunshine's motion to amend is untimely and good cause does not exist to amend the Scheduling Order's deadline for filing amendments to pleadings. Consequently, the Court will deny the motion.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiffs' Motion to Strike (ECF No. 56) is **GRANTED**.

2. Defendant's Amended Counterclaim/Crossclaim (ECF No. 47) is **STRICKEN** from the record in the above-captioned matter.

3. Defendant's Motion for Leave to Amend (ECF No. 61) is **DENIED**.

ENTER:

Dated: March 10, 2020  /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE